ANDERSON v. ANDERSON.

(First Division.  Juneau.  May 27, 1914.)

No. 1105–A.

DIVORCE ⊜◦91—PLEADINGS—ALLEGATIONS OF RESIDENCE.

The plaintiff brought suit for divorce, but did not allege in his complaint that he had been an inhabitant of the district of Alaska for two years prior thereto.  On demurrer, *held*, the nonallegation of the fact of such residence is fatal to the jurisdiction of the court.  Demurrer sustained.

J. J. Reagan, of Juneau, for plaintiff.
Grover C. Winn, of Juneau, for defendant.

JENNINGS, District Judge.  This is a suit commenced March 26, 1914, for divorce on the ground of adultery committed in the month of December, 1913.

The complaint does not allege that, at the time of the commencement of the action, plaintiff had been an inhabitant of the district of Alaska for two years.

Defendant demurs to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action, in that it is not alleged in the complaint that the plaintiff is, and for two years prior to the commencement of this action was, a resident of the district of Alaska.

Section 1301 of the Compiled Laws of Alaska provides as follows:

"In an action for the dissolution of the marriage contract the plaintiff therein must be an inhabitant of the district at the commencement of the action and for two years prior thereto, which residence shall be sufficient to give the court jurisdiction without regard to the place where the marriage was solemnized or the cause of action arose."

The authorities are uniform that, where a certain length of residence is required as a prerequisite for the granting of a divorce, the nonallegation of the fact of such residence is fatal to the jurisdiction.  In 14 Cyc. at page 662, subd. 4, it is said:

"The complaint should show on the face that the case is within the jurisdiction of the court.  Accordingly, all facts whose existence is

⊜◦See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

essential to the exercise of jurisdiction over the subject-matter of the suit should be alleged."

And on page 663, subd. C, it is further said:

"Where a residence by complainant within the state is required for a certain period of time immediately preceding the commencement of the proceedings for a divorce, * * * the fact of such residence is jurisdictional and should be alleged."

And on the same page:

"Residence as a jurisdictional fact should appear by direct and unequivocal averment."

And section 593 of 2 Bishop on Marriage, Divorce, and Separation, first edition:

"In the greater number of our states there are statutes requiring the applicant to have resided a given number of years in the state. Such residence, therefore, has become a special fact, without which there is no jurisdiction, and it must be alleged."

Indeed, the court knows of no exception to this rule, and none has been pointed out by plaintiff's counsel.

But the court is urged to hold that the statute should be disregarded on account of the fact that section 1302 of the Compiled Laws provides that:

"In an action for the dissolution of the marriage contract on account of adultery, the defendant may admit the adultery and show in bar of the action: * * * Fourth: That the action has not been commenced within one year after the discovery of the act by the plaintiff."

The argument is that, if adultery be committed within one year after the taking up by the unoffending spouse of a residence in the district, the said adultery, if discovered by the unoffending spouse within one year after the taking up of his or her residence, would not avail as a cause of divorce, for the reason that, if said unoffending spouse attempted to sue before the completion of a two years' residence, he or she would run counter to section 1301, and, on the other hand, if he or she waited for the expiration of two years, as required by section 1301, the plaintiff would run counter to the fourth subdivision of section 1302, which provides that the offending spouse may admit the adultery and plead in bar that the suit

has not been commenced within one year after discovery of the act by the other spouse.

If this result should follow in any case, it would certainly be deplorable, and the court has no doubt that a right-minded Legislature would, if appealed to, so change the law as to prevent the future occurrence of such a state of affairs; but that is a matter for the Legislature, and not for the courts.

The court is met by the objection in limine that it has no jurisdiction of this particular case on account of the failure to allege the jurisdictional fact of the necessary residence. The statute is plain and unambiguous, and the court can see no room for construction. The demurrer is sustained, and plaintiff is given five (5) days in which to file an amended complaint alleging the necessary residence, if he be so advised, and if the facts warrant the making of said allegation.